***********
The Full Commission has reviewed the prior Opinion and Award based upon the record of the proceedings before Deputy Commissioner Phillips and the briefs and arguments of the parties. The appealing party has not shown good grounds to reconsider the evidence, receive further evidence, or rehear the parties or their representatives. Having reviewed the competent evidence of record, the Full Commission affirms in part, with modifications, and remands in part the Opinion and Award of the Deputy Commissioner.
 ***********
The following were submitted to the Deputy Commissioner as:
 EXHIBITS *Page 2 
1. Plaintiff's Ex. #1: IC Forms, Medical Records, Medical Bills
2. State's Ex. #1: NCIC Coverage Screen Printout
 *********** ISSUES
1. Whether an employment relationship existed between Plaintiff and Mr. Manring under the North Carolina Workers' Compensation Act?
2. Whether Plaintiff was injured in the course and scope of employment, and if so, to what benefits is Plaintiff entitled, if any?
3. Whether any penalties should be assessed for Mr. Manring's failure to provide workers' compensation insurance as required by the Act?
4. What is Plaintiff's average weekly wage?
 ***********
Based upon all of the competent credible evidence of record and the reasonable inferences flowing therefrom, the Full Commission makes the following:
 FINDINGS OF FACT
1. At the time of hearing before the Deputy Commissioner, Plaintiff was 30 years old having a date of birth of May 5, 1980. Plaintiff did not complete high school, however, he earned a GED.
2. Plaintiff was employed by Warner Manring as a laborer installing roofing, sheet metal siding and skylights in connection with a construction project Mr. Manring was performing for Universal Steel which began on or about April 1, 2009.
3. Steven Ronald Carrico, his son, who is also named Steven Carrico, and James Atkins were also employees of Mr. Manring on May 2, 2009, and had worked with Plaintiff for *Page 3 
approximately one and one-half weeks before Plaintiff's injury by accident. Mr. Manring also employed his step-son on an as-needed basis.
4. Plaintiff was paid $10.00 per hour for his work for Mr. Manring. Mr. Manring typically gave money to employee Steven Ronald Carrico to pay the other employees.
5. Mr. Manring testified, and his testimony was corroborated by Mr. Carrico, that he was just getting started in the sheet metal roofing business. Plaintiff had only worked for Mr. Manring for approximately two weeks before the date of his injury. Mr. Manring, however, was simultaneously performing a job at the Union County Schools and at a school in Holden Beach. The Union County job employed nine different people. Mr. Manring advised that he didn't obtain workers compensation coverage because he was performing the work under Universal Steel's name. In Mr. Manring's words "I was getting by lucky then I guess. They didn't — they never asked for it." Mr. Manring has had a pipeline of business with Universal Steel such that during a three year period (including the two years prior to the date of Plaintiff's injury), he did not need to bid on any other project.
6. Mr. Manring obtained workers' compensation insurance coverage effective May 27, 2009.
7. On May 2, 2009, Plaintiff was assisting a coworker who was operating a piece of heavy machinery commonly referred to as a "cherry picker." In order to assist his co-worker, Plaintiff had to walk in front of the cherry picker. While he was doing so, the cherry picker struck the back of Plaintiff's right heel and lower leg.
8. Following the accident, Plaintiff presented to High Point Regional Hospital where he was diagnosed with undisplaced lateral malleolar/tibial plafond variant and lateral malleolar *Page 4 
fractures of the right ankle. Plaintiff was placed in a short leg fiberglass cast to stabilize his fractures and was ordered to keep his right leg elevated to decrease the swelling.
9. After it was applied, Plaintiff's cast became soaked in water and Plaintiff removed it. A May 12, 2009 medical note from Dr. Richard Avioli of Regional Physicians Orthopaedics states that Plaintiff removed a second cast because of pain. Dr. Avioli's examination on that date revealed a small superficial blister with a benign appearance on the medial side, with significantly decreased swelling since the date of injury. Plaintiff's blister was dressed and a new short leg cast was applied. Plaintiff was ordered to elevate his right leg and to continue to use crutches with touchdown weight-bearing and to follow up with his physician in three weeks. No evidence was introduced regarding a final visit and release from treatment by Dr. Avioli.
10. As a result of his injury by accident, Plaintiff was unable to return to work for Mr. Manring. Mr. Manring offered to provide Plaintiff with light-duty work and payment of his medical bills, however, this did not materialize.
11. Plaintiff made diligent job search efforts, and on or about June 2, 2009, he obtained a position with a tree crew earning $9.00 per hour. Plaintiff became physically incapable of performing this work and resigned from the job on or about July 15, 2009.
12. On or about August 15, 2009, Plaintiff accepted a position with Food Lion as a stocker earning $320.00 per week. Plaintiff was physically capable of performing this job with some difficulty. Plaintiff worked in this position for two months until his employment was terminated as part of a general layoff on or about October 15, 2009. *Page 5 
13. Plaintiff was unemployed for two to three months following his layoff from Food Lion until he obtained a cashier position with Pop Shoppe. Plaintiff earned $7.50 per hour in this position.
14. As a result of his work related accident, Plaintiff is unable to perform strenuous physical work such as he did for Mr. Manring. Climbing ladders and performing activities requiring him to twist or bend his foot causes Plaintiff pain. In addition, Plaintiff cannot put pressure on his injured foot on angles. Plaintiff requires and uses the assistance of an over-the-counter brace for his right ankle.
15. It is unclear whether Plaintiff is yet at maximum medical improvement from his work related injuries, and no evidence was introduced regarding a permanent partial disability rating assignment.
16. The record does not contain sufficient evidence of the number of hours worked by Plaintiff during his employment with Mr. Manring from which to determine Plaintiff's average weekly wage. There is no Form 22 in the record and Plaintiff testified that he did not keep a record of the hours he worked for Mr. Manring. While the Form 18 dated November 24, 2009 indicates that Plaintiff worked "8+" hours per day and "5+" days per week, this is contradicted by Plaintiff's testimony that he worked between one and two weeks for Mr. Manring and that there were some days during the one to two week period when he did not work due to weather conditions.
 ***********
Based upon the foregoing Findings of Fact, the Full Commission concludes as follows:
 CONCLUSIONS OF LAW *Page 6 
1. All parties are properly before the Industrial Commission. All parties are subject to and bound by the provisions of the North Carolina Workers' Compensation Act. The Industrial Commission has jurisdiction over the parties and the subject matter of this case. N.C. Gen. Stat. § 97-2.
2. On May 2, 2009, Plaintiff sustained a compensable injury by accident to his right leg and ankle. N.C. Gen. Stat. § 97-2(6).
3. Mr. Manring was the duly-qualified employer at the time of the accident and is subject to the North Carolina Workers' Compensation Act, having employed the requisite number of employees to be bound under the provisions of said Act at the time of Plaintiff's work accident. N.C. Gen. Stat. § 97-2.
4. An employee-employer relationship existed between Plaintiff and Defendant-Employer, Warner Manring at the time of Plaintiff's injury, and Defendant-Employer was uninsured at that time. N.C. Gen. Stat. § 97-2.
5. As a result of Plaintiff's compensable injury of May 2, 2009, Plaintiff is entitled to have Defendant-Employer, Warner Manring, pay temporary total disability benefits from May 2, 2009 through June 1, 2009 and from July 16, 2009 until August 14, 2009. N.C. Gen. Stat. § 97-29.
6. As a result of Plaintiff's compensable injury of May 2, 2009, Plaintiff was temporarily partially disabled and entitled to payment by Mr. Manring of temporary partial disability compensation at the rate of two-thirds of the difference between Plaintiff's average weekly wage, to be determined based on the Form 22 referenced in the Order below, and the diminished wages he earned from June 2, 2009 through July 15, 2009, from August 15, 2009 through October 15, 2009, and continuing for a maximum of 300 weeks from the May 2, 2009 *Page 7 
date of injury or until he earns the same or greater wages as he did before his compensable injury. N.C. Gen. Stat. § 97-30.
7. As a result of Plaintiff's compensable injury sustained on May 2, 2009, Plaintiff is entitled to have Defendant-Employer, Warner Manring, pay permanent partial disability benefits for any impairment rating to Plaintiff's right lower extremity when and if Plaintiff obtains said rating. N.C. Gen. Stat. § 97-31.
8. As a result of Plaintiff's compensable injury sustained on May 2, 2009, Plaintiff is entitled to have Defendant-Employer, Warner Manring, pay for all medical treatment reasonably required to effect a cure, provide relief, or lessen the period of Plaintiff's disability. N.C. Gen. Stat. § 97-25.
9. Any employer required to secure payment of compensation who refuses and neglects to secure such compensation shall be punished by a penalty of one dollar ($1.00) for each employee, but not less than fifty dollars ($50.00) nor more than one hundred dollars ($100.00) for each day of such refusal or neglect, and until the same ceases pursuant to N.C. Gen. Stat. § 97-94(b).
10. Anyone with the ability and authority to bring their business into compliance with N.C. Gen. Stat. § 97-93 who fails to do so, may be assessed a penalty equal to one hundred percent of the amount of compensation due Defendant's employees injured during the time his business failed to comply with N.C. Gen. Stat. § 97-93 as set out in N.C. Gen. Stat. § 97-94(d). Warner Manring, as owner and operator of his business, had the ability and authority to bring the business in compliance with the North Carolina Workers' Compensation Act and failed to do so.
 *********** *Page 8 
Based on the foregoing Findings of Fact and Conclusions of Law, the Full Commission enters the following:
 AWARD
1. Subject to an attorney's fee approved below, Defendant-Employer, Warner Manring, shall pay to Plaintiff temporary total disability benefits at a rate to be determined based on the Form 22 referenced in the Order below from May 2, 2009 through June 1, 2009 and from July 16, 2009 until August 14, 2009.
2. Subject to an attorney's fee approved below, Defendant-Employer, Warner Manring, shall pay Plaintiff temporary partial disability compensation at the rate of two-thirds of the difference between his pre injury average weekly wage, to be determined based on the Form 22 referenced in the Order below, from June 2, 2009 through July 15, 2009, from August 15, 2009 through October 15, 2009, and continuing for a maximum of 300 weeks from the May 2, 2009 date of injury or until he earns the same or greater wages as he did before his compensable injury.
3. Defendant-Employer, Warner Manring, shall pay for all medical treatment reasonably required to effect a cure, provide relief, or lessen the period of Plaintiff's disability. Said treatment shall include authorization and payment for Plaintiff's return visit to Dr. Avioli.
5. A reasonable attorney's fee in the amount of twenty-five percent (25%) of the compensation due Plaintiff is approved for Plaintiff's Counsel and shall be paid by Defendant-Employer, Warner Manring. The attorney's fee shall be deducted from the compensation due Plaintiff and shall be paid by Defendant directly to Plaintiff's Counsel.
6. Defendant-Employer, Warner Manring, is ordered to pay the State of North Carolina penalties for the sum of $1,250.00 which represents $50.00 per day for 25 days (May 2, *Page 9 
2009 to May 27, 2009) that Defendant-Employer failed to secure workers' compensation coverage in accordance with the Workers' Compensation Act.
7. An additional penalty of 100% of the amount of the compensation due to Plaintiff in this matter is assessed against Warner Manring individually for failing to comply with N.C. Gen. Stat. § 97-93.
8. Defendant shall pay the costs of this proceeding.
 *********** ORDER
It is hereby ORDERED that this case is remanded to Deputy Commissioner Adrian Phillips for the purpose of taking evidence regarding Plaintiff's permanent partial disability rating, if one has been assigned. It is further ORDERED that Plaintiff's average weekly wage is to be determined based upon a Form 22 to be stipulated to and agreed upon by the parties.
This the ___ day of June, 2011.
 S/___________________ LINDA CHEATHAM COMMISSIONER
 CONCURRING: S/_____________ PAMELA T. YOUNG CHAIR
 S/_____________ CHRISTOPHER SCOTT *Page 10 
COMMISSIONER *Page 1